UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VERONICA MILLER,

        Petitioner,

                                      CASE NO. 2:09-CV-14879
v.                                       HONORABLE VICTORIA A. ROBERTS

MILLICENT WARREN,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS
AND DENYING A CERTIFICATE OF APPEALABILITY
AND LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I. Introduction**

Veronica Miller ("Petitioner"), a Michigan prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted of delivery of a controlled substance causing death, Mich. Comp. Laws § 750.317a, following a jury trial in the St. Clair County Circuit Court in 2007 and was sentenced as a fourth habitual offender, Mich. Comp. Laws § 769.12, to 9 to 30 years imprisonment. In her pleadings, Petitioner contests the subject matter jurisdiction of the state trial court.

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the court must

summarily dismiss the petition.  *Id.*, *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).  A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to federal habeas relief.  *See McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254.  No response to a habeas petition is necessary when the petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response from the State.  *See Allen*, 424 F.2d at 141; *Robinson v. Jackson*, 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005).  After undertaking the review required by Rule 4, the Court denies the petition for a writ of habeas corpus.  The Court also denies a certificate of appealability and leave to proceed *in forma pauperis* on appeal.

## II.  Discussion

As an initial matter, the Court notes that Petitioner has failed to demonstrate that she has exhausted her state court remedies regarding the claims contained in her petition.  A prisoner filing a petition for writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).  A Michigan prisoner must raise each issue he seeks to present in a federal habeas proceeding to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement.  *See Mohn v. Bock*, 208 F.2d 796, 800 (E.D. Mich. 2002); *see*

*also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).  The burden is on the petitioner to prove exhaustion.  *Rust*, 17 F.3d at 160.  Petitioner has not done so.

Even though Petitioner has not exhausted her habeas claims in the state courts, the Court declines to dismiss the petition on such a basis.  While the exhaustion requirement is strictly enforced, it is not a jurisdictional prerequisite for bringing a habeas petition.  *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987).  For example, an unexhausted claim may be addressed if pursuit of a state court remedy would be futile, *see Witzke v. Withrow*, 702 F. Supp. 1338, 1348 (W.D. Mich. 1988), or if the unexhausted claim is meritless such that addressing it would be efficient and not offend federal-state comity.  *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *see also* 28 U.S.C. § 2254(b)(2) (habeas petition may be denied on the merits despite the failure to exhaust state court remedies).  The Court finds that the interests of justice would be best served by adjudicating Petitioner's claims as they lack merit and may be denied despite the lack of exhaustion.

Petitioner asserts that she is entitled to habeas relief because the state trial court lacked subject matter jurisdiction over her criminal proceedings.  However, the determination of whether a particular state court is vested with jurisdiction under state law and is the proper venue to hear a criminal case is a "function of the state courts, not the federal judiciary."  *Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir. 1976); *accord Write v. Angelone*, 151 F.3d 151, 157-58 (4th Cir. 1998); *Rhode v. Olk-Long*, 84 F.3d 284, 287 (8th Cir. 1996).  It is well-settled that a perceived violation of state law may not provide a basis for federal habeas relief.  *See, e.g., Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  The Court may grant a writ of habeas corpus only on the ground that the petitioner "is in custody in violation of the Constitution or laws or

3

treaties of the United States." 28 U.S.C. § 2254(a); *Robinson v. Stegall*, 355 F.3d 916, 917 (6th Cir. 2004).  A state court's interpretation of state jurisdictional issues conclusively establishes jurisdiction for purposes of federal habeas review.  *See Strunk v. Martin*, 27 Fed. Appx. 473, 475 (6th Cir. 2001).  Petitioner has thus failed to state a claim upon which federal habeas relief may be granted in her pleadings.  *See Hill v. Sherry*, No. 07-13978, 2008 WL 1902106, *3 (E.D. Mich. April 30, 2008) (Roberts, J.) (summarily dismissing similar jurisdictional challenge); *Smith v. Burt*, No. 08-CV-14239, 2008 WL 4791348, *2 (E.D. Mich. Oct. 24, 2008) (Cohn, J.); *Hamby-Bey v. Bergh*, No. 08-CV-13284, *2, 2008 WL 3286227 (E.D. Mich. Aug. 7, 2008) (Battani, J.); *Groke v. Trombley*, 2003 WL 1708109, *5 (E.D. Mich. April 1, 2003) (Lawson, J.);  Her petition must therefore be denied.

### III.  Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the claims contained in her petition.  Accordingly, the Court **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue.  *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to

deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id*. at 336-37. Having considered the matter, the Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right as to her claims. The Court therefore **DENIES** a certificate of appealability.

Lastly, the Court concludes that Petitioner should not be granted leave to proceed *in forma pauperis* on appeal as any appeal would be frivolous. *See* Fed. R. App. P. 24(a). Accordingly, the Court **DENIES** Petitioner leave to proceed *in forma pauperis* on appeal.

**IT IS SO ORDERED**.

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: December 28, 2009

The undersigned certifies that a copy of this document was served on the attorneys of record and Veronica Miller by electronic means or U.S. Mail on December 28, 2009.

s/Linda Vertriest
Deputy Clerk